UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
Q HOLDING COMPANY,                              :   CASE NO.: 5:17-CV-445
                                                :
            Plaintiff,                          :
                                                :
        v.                                      :   OPINION & ORDER
                                                :   [Resolving Doc. 12]
REPCO, INC., dba PETERSON                       :
ENTERPRISES,                                    :
                                                :
            Defendant.                          :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 3, 2017, Plaintiff Q Holding Company filed a fraudulent inducement claim against Defendant Repco, Inc., otherwise known as Peterson Enterprises ("Peterson").[1] The parties are currently involved in arbitration in Minnesota.

On April 28, 2017, Defendant Peterson filed a motion to dismiss or in the alternative to stay the action pending arbitration or decline jurisdiction.[2] On May 22, 2017, this Court denied Defendant's motion to stay or decline jurisdiction and denied Defendant's motion to dismiss.

Defendant Peterson now asks this Court to reconsider its May 22 decision.[3] Peterson challenges the Court's finding that the parties' Ohio choice-of-law provision is controlling.

## I. Discussion

### A. Whether the 2014 MTSRA voids the parties' contractual choice-of-law provision.

Defendant Peterson argues that the Court considered an old version of the Minnesota Termination of Sales Representative Act ("MTSRA") in reaching its decision.[4] Because a later

---

[1] Doc. 1.
[2] Doc. 12. Plaintiff opposed. Doc. 13.
[3] Doc. 20-1. Plaintiff opposes. Doc. 21. Defendant replies. Doc. 22.
[4] *Id.* at 1.

version of the MTSRA has a subdivision prohibiting contractual choice-of-law provisions from waiving MTSRA protection, Defendant Peterson argues that the parties' choice-of-law provision does not apply and the case must be arbitrated.[5]

The Court acknowledges that the cases cited in its original opinion analyzed an old version of the MTSRA.[6] The 2014 MTSRA, applicable here, includes a non-waiver provision.[7] It states that a choice-of-law provision in a sales representative agreement is unenforceable.[8] In other words, the 2014 MTSRA could trump the choice-of-law provision.

### B. Even though the contractual provision is void, Ohio choice-of-law principles dictate the applicable law.

Defendant Peterson argues that because the contractual choice-of-law provision is invalid under the MTSRA, this Court should not reach Ohio choice-of-law analysis. This Court disagrees.

Defendant cites *Banek Inc. v. Yogurt Ventures U.S.A., Inc.*[9] in support. In *Banek*, the Sixth Circuit laid out a three-step process for analyzing contractual choice-of-law provisions and statutory anti-waiver provisions:

> (1) whether the choice of law clause is valid or a prohibited waiver of statutory rights;
> (2) if the clause is valid, whether the choice of law provision is enforceable under the forum state's choice of law rules; and
> (3) if the provision is valid and enforceable, whether the state's law with the anti-waiver provision governs all claims between the parties or only contract claims.[10]

---

[5] *Id*. at 2-6.
[6] Doc. 15 at 5 n.25 (citing pre-2014 cases that considered an old version of the MTSRA).
[7] Minn. Stat. Ann. § 325E.37.
[8] (a) No manufacturer, wholesaler, assembler, or importer shall circumvent compliance with this section by including in a sales representative agreement a term or provision, whether express or implied, that includes or purports to include:
   (1) an application or choice of law of any other state; or
   (2) a waiver of any provision of this section.
(b) Any term or provision described in paragraph (a) is void and unenforceable.
[9] 6 F.3d 357 (6th Cir. 1993).
[10] *Id*. at 360.

Case No. 5:17-CV-445
Gwin, J.

*Banek*'s framework suggests that this Court should not reach choice-of-law analysis if the MTSRA has a valid anti-waiver provision. This Court agrees that the MTSRA applies, at least superficially, to the parties' contract.[11] Thus, the anti-waiver provision appears to void the parties' contractual Ohio choice-of-law provision.

However, Ohio case law after *Banek* creates doubt whether the *Banek* analysis remains good law in Ohio. Recently, Ohio courts have found that even if a choice-of-law provision is invalid under another state's anti-waiver provision, Ohio choice-of-law principles still apply.

In *EnQuip Techs. Grp. v. Tycon Technoglass*, the Second District Court of Appeals considered whether a sales representative agreement—much like the agreement here—trumped an anti-waiver statute.[12]

The court found that an Italian choice-of-law provision was void where the relevant section of the Ohio Revised Code included an anti-waiver provision. The court held, however, that although Ohio law "does apply to void a choice-of-law provision and forum-selection clause, *Ohio's choice-of-law rules ultimately determine the applicable law*."[13]

Defendant counters with a more recent Ohio appellate case, *Michels Corp. v. Rockies Express Pipeline, L.L.C.*[14] But in that case, the court seems to consider Ohio choice-of-law elements. For example, the court evaluates Ohio's public policy. The court also cites authority addressing whether a state has a "materially great interest in the case."[15] Both issues are buzzwords

---

[11] Minn. Stat. Ann. § 325E.37 subd. (6)(a-c). The MTSRA "applies to a sales representative who, during some part of the period of the sales agreement . . . maintains [its] principal place of business in Minnesota." *Id.* at (6)(a)(1). Defendant Peterson fits this description.
[12] 986 N.E.2d 469, 482-83 (Ohio Ct. App. 2012).
[13] *Id.* at 483 (citing *Ohayon v. Safeco Ins. Co. of Illinois*, 747 N.E.2d 206 (Ohio 2001)) ("The Ohio Supreme Court has said that if one party asserts that another jurisdiction's law should apply to resolve an issue and the incident underlying the cause of action occurred in that jurisdiction, 'resort to Ohio's choice-of-law rules is necessary.'") (emphasis added).
[14] 34 N.E.3d 160, 168 (Ohio Ct. App. 2015).
[15] *Id.* at 167-68.

-3-

Case No. 5:17-CV-445
Gwin, J.

for Ohio's choice-of-law rules.[16]

Federal courts sitting in diversity apply the forum state's law.[17] "When the state's highest court has not spoken on the issue, the federal court is called upon to predict what that court would do if confronted with the question."[18] This Court considers various sources in making its prediction, including Ohio court decisions.[19]

This Court holds that Ohio's choice-of-law principles apply even when another state's anti-waiver statute voids a contractual choice-of-law provision. The *EnQuip Technologies* decision is persuasive. There, the court emphasized that where "Ohio does not predominate in the [contractual] agreement," it "hesitate[d] to declare that an Ohio statute trumps a contract" negotiated outside of Ohio and covering sales "in four different countries and every U.S. state."[20]

Here, like in *EnQuip*, the parties agree that the sales representative agreement covers sales "across the United States and around the world."[21] Events relevant to entering the contract appear to have taken place in Ohio, Minnesota, and New York.[22] Therefore, because Minnesota does not "predominate" the contractual agreement, this Court adopts *EnQuip*'s reasoning and applies Ohio choice-of-law principles to determine the applicable law.

**C. Ohio law applies under Ohio choice-of-law analysis.**

The Ohio Supreme Court has adopted the Restatement (Second) of Conflict of Laws.[23]

---

[16] *Tele–Save Merch. Co. v. Consumers Distrib. Co., Ltd.*, 814 F.2d 1120, 1122 (6th Cir. 1987) (citing the Restatement (Second) of Conflict of Laws) (". . . application of the law of the chosen state would be contrary to a *fundamental policy of a state* which has a *materially greater interest than the chosen state* in the determination of the particular issue . . . .) (emphasis added).
[17] *State Auto Prop. & Cas. Ins. Co. v. Hargis*, 785 F.3d 189, 195 (6th Cir. 2015).
[18] *Id.* (citing *Berrington v. Wal–Mart Stores, Inc.,* 696 F.3d 604, 608 (6th Cir. 2012)).
[19] *Id.* (citing *Combs v. Int'l Ins. Co.,* 354 F.3d 568, 577 (6th Cir. 2004)).
[20] 986 N.E.2d at 482-83.
[21] Doc. 1 at 3; Doc 11 at 3.
[22] The parties say they "forwarded" draft sales agreements to one another. Doc. 1 at 3; Doc 11 at 2. The Court assumes the parties were in email communications from their own principal places of business—Plaintiff in North Canton, Ohio and Defendant in Minneapolis, Minnesota. Plaintiff says that the parties' representatives continued negotiations at a trade show in New York in June 2016. Doc. 1 at 3-4.
[23] *Tele–Save Merch. Co. v. Consumers Distrib. Co., Ltd.*, 814 F.2d 1120, 1122 (6th Cir. 1987).

Case No. 5:17-CV-445
Gwin, J.

Because the Court's analysis assumes the choice-of-law provision is void under the MTSRA, a different choice-of-law rule applies from the rule the Court applied in its original order.[24]

"Section 188 governs in the absence of an effective choice of law by the parties. Section 188 provides that the local law of the state with the 'most significant relationship' to the transaction and parties applies to determine the rights and duties of the parties to a contract."[25] Section 188 cites to various principles to determine what law applies.[26] These principles include:

1. the needs of the interstate and international systems,
2. the relevant policies of the forum,
3. the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
4. the protection of justified expectations,
5. the basic policies underlying the field of law,
6. certainty, predictability and uniformity of result, and
7. ease in the determination and application of the law to be applied.
8. the place of contracting,
9. the place of negotiation of the contract,
10. the place of performance,
11. the location of the subject matter of the contract, and
12. the domicil, residence, nationality, place of incorporation and place of business of the parties.[27]

---

[24] One might argue that Plaintiff's claim sounds in tort rather than contract—Plaintiff alleges Defendant fraudulently induced Plaintiff to enter the contract. Either choice of law analysis brings the same result. In Ohio's tort choice-of-law analysis, "where the loss is suffered" generally determines the applicable law. *Sky Techs. Partners, LLC v. Midwest Research Inst.*, 125 F. Supp. 2d 286, 297 (S.D. Ohio 2000) (considering *Restatement (Second) of Conflict of Laws* §§ 145, 148 in a fraud claim and finding the most important issue to be "where the loss is suffered"). Here, Plaintiff Q Holdings suffers their injury at their principal place of business, North Canton, Ohio. *Id.* ("Furthermore, when the plaintiff is a corporation, 'the principal place of business is a more important contact than the place of incorporation.'") (citing *Restatement (Second) of Conflict of Laws*, comment i to § 148).
[25] *Hagberg v. Delphi Auto. Sys.*, 268 F. Supp. 2d 855, 861 (N.D. Ohio 2002) (citing Restatement (Second) of Conflict of Laws § 188 (1971)).
[26] Restatement (Second) of Conflict of Laws §§ 6, 188 (1971).
[27] *Id.*

Case No. 5:17-CV-445
Gwin, J.

These factors weigh in favor of applying Ohio law. For example, Plaintiff Q Holdings' "justified expectation" was that the contractual choice-of-law provision, bargained for by the parties, would control here. Plaintiff would not have expected Defendant Peterson to assert arbitration rights under a somewhat obscure Minnesota statute. If Defendant wanted to arbitrate, it could have bargained for Minnesota law from the outset.

As the Court in *EnQuip* noted, many states have statutes with anti-waiver provisions "provid[ing] that that state's law prevails, excluding any other state's law from applying."[28] These competing statutes create a "convoluted mess . . . in trying to determine which state's law should apply in a multi-state contract" situation.[29] Applying Ohio law—which the parties contracted for—ensures "ease in the determination and application of the law to be applied."

Finally, Minnesota's interest in the case is limited to Defendant's domicile there. Plaintiff resides in Ohio and Defendant transacts business here regularly.[30] Furthermore, when parties contract for a state's law to apply, "certainty, predictability and uniformity of result" suggest that state law should in fact apply.

## II. Conclusion

For the above reasons, the Court finds that Ohio law applies and **DENIES** Defendant's motion for reconsideration.

IT IS SO ORDERED.

Dated: June 28, 2017
*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[28] 986 N.E.2d at 483.
[29] *Id*.
[30] Doc. 1 at 2; Doc. 11 at 2 (Defendant Peterson admitting that it has sufficient contacts with Ohio to warrant personal jurisdiction here).